**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| FOREST LABORATORIES, LLC and<br>FOREST LABORATORIES HOLDINGS,<br>LTD., | ) <br> ) <br> ) <br> ) | C.A. No. _____ |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | |
| PRINSTON PHARMACEUTICAL INC.,<br>ZHEJIANG HUAHAI PHARMACEUTICAL<br>CO., LTD., HUAHAI US INC. and SOLCO<br>HEALTHCARE US, LLC, | ) <br> ) <br> ) <br> ) <br> ) | *Electronically Filed* |
| Defendants. | ) <br> ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Forest Laboratories, LLC and Forest Laboratories Holdings, Ltd. (collectively,

"Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendants Prinston

Pharmaceutical Inc. ("Prinston"), Zhejiang Huahai Pharmaceutical Co., Ltd. ("Zhejiang"),

Huahai US Inc. ("Huahai"), and Solco Healthcare US, LLC ("Solco") (collectively,

"Defendants"), hereby allege as follows:

**THE PARTIES**

1. Plaintiff Forest Laboratories, LLC is a limited liability company organized and

existing under the laws of the state of Delaware, having a place of business at Morris Corporate

Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.

2. Plaintiff Forest Laboratories Holdings, Ltd. is an Irish corporation having a

place of business at Canon's Court, 22 Victoria Street, Hamilton HM12, Bermuda.

3. On information and belief, Defendant Prinston is a corporation organized and

1

existing under the laws of Delaware, having a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.

4.      On information and belief, Defendant Zhejiang is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at Xunqiao, Linhai, Zhejiang 317024, China.

5.      On information and belief, Defendant Huahai is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 2001 (and 2002) Eastpark Blvd., Cranbury, New Jersey 08512.

6.      On information and belief, Defendant Solco is a corporation organized and existing under the laws of Delaware, having a principal place of business at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.

7.      On information and belief, Defendants Prinston, Huahai, and Solco are wholly-owned subsidiaries of Defendant Zhejiang.

**NATURE OF ACTION**

8.      This is an action for patent infringement of United States Patent Nos. 7,803,838 ("the '838 patent") and 7,838,552 ("the '552 patent"), arising under the United States patent laws, Title 35, United States Code.  This action relates to Prinston's ANDA No. 210596, filed under Section 505(j) of the Federal Food, Drug and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), which seeks United States Food and Drug Administration ("FDA") approval to market a generic version of Forest Laboratories, LLC's Byvalson® product ("Prinston's ANDA Product").

**JURISDICTION AND VENUE**

9.      This action for patent infringement arises under the patent laws of the United States.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§

2

1331, 1338(a), 2201, and 2202.

10.      This Court has personal jurisdiction over Defendants for purposes of this civil action because, *inter alia*, Defendants, on information and belief: (1) have substantial, continuous, and systematic contacts within the State of New Jersey; (2) intend to market, sell, and/or distribute Prinston's ANDA Product to the residents of the State of New Jersey; (3) maintain a principal place of business in this State; (4) maintain a broad distribution network within this State; and/or (5) enjoy substantial income from sales of its generic pharmaceutical product in this State.

11.      This Court has jurisdiction over Defendant Prinston.  On information and belief, Prinston has its principal place of business in New Jersey.

12.      On information and belief, Prinston has substantial, continuous, and systematic contacts with the State of New Jersey including Prinston's engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of New Jersey.

13.      On information and belief, Prinston is in the business of preparing, manufacturing, importing, and distributing pharmaceutical products, including generic drugs for sale and use throughout the United States, including the State of New Jersey.

14.      On information and belief, Prinston and/or its subsidiaries, affiliates, or agents, intend to engage in the commercial manufacture of Prinston's ANDA Product before the expiration of the '838 and '552 patents throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

15.      On information and belief, Prinston and/or its subsidiaries, affiliates or agents, intend to place Prinston's ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by

consumers in this Judicial District.

16.    On information and belief, Prinston regularly conducts and/or solicits business in the State of New Jersey, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of New Jersey.

17.    On information and belief, Prinston has previously been sued and consented to personal jurisdiction in this Judicial District.  On information and belief Prinston has availed itself of New Jersey courts by asserting counterclaims in suits brought in New Jersey, including in *Sebela International Limited v. Prinston Pharmaceutical Inc., et al.*, Civil Action Nos. 14-7400 (D.N.J.) and 15-5308 (D.N.J.) (consolidated under the lead case *In re Sebela Patent Litigation*, Civil Action No. 14-6414 (D.N.J.)), *Boehringer Ingelheim Pharmaceuticals Inc., et al. v. Dr. Reddy's Laboratories, Ltd., et al.,* Civil Action No. 16-2394 (D.N.J.), and *AstraZeneca AB, et al. v. Prinston Pharmaceutical Inc.*, Civil Action No. 15-3380 (D.N.J.).

18.    This Court has jurisdiction over Defendant Huahai.  On information and belief, Huahai is incorporated in the State of New Jersey and has its principal place of business in New Jersey.

19.    On information and belief, Huahai has substantial, continuous, and systematic contacts with the State of New Jersey including Huahai's engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of New Jersey.

20.    On information and belief, Huahai is in the business of preparing, manufacturing, importing, and distributing pharmaceutical products, including generic drugs, for sale and use throughout the United States, including the State of New Jersey.

21.    On information and belief Huahai has assisted Prinston in securing FDA

approval of at least 15 ANDAs.

22. On information and belief, Huahai and/or its subsidiaries, affiliates or agents, intend to engage in the commercial manufacture, use, sale, and/or distribution of Prinston's ANDA Product before the expiration of the '838 and '552 patents throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

23. On information and belief, Huahai and/or its subsidiaries, affiliates or agents, intend to place Prinston's ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this Judicial District.

24. On information and belief, Huahai regularly conducts and/or solicits business in the State of New Jersey, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of New Jersey.

25. On information and belief, Huahai maintains physical office space at 2001 and 2002 Eastpark Boulevard, Cranbury, New Jersey 08512, and has employees at its Cranbury office.

26. On information and belief, Huahai has previously been sued and consented to personal jurisdiction in this Judicial District, and has availed itself of New Jersey courts by asserting counterclaims in suits brought in New Jersey, including in *Sebela International Limited v. Prinston Pharmaceutical Inc., et al.*, Civil Action Nos. 14-7400 (D.N.J.) and 15-5308 (D.N.J.) (consolidated under the lead case *In re Sebela Patent Litigation*, Civil Action No. 14-6414 (D.N.J.)).

27. This Court has jurisdiction over Defendant Solco. On information and belief,

Solco has its principal place of business in New Jersey.

28. On information and belief, Solco has substantial, continuous, and systematic contacts with the State of New Jersey including Solco's engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of New Jersey.

29. On information and belief, Solco is in the business of preparing, manufacturing, importing, and distributing pharmaceutical products, including generic drugs for sale and use throughout the United States, including the State of New Jersey.

30. On information and belief, Solco is a United States sales and marketing division of Prinston. It has FDA-approved manufacturing capabilities and brings generic pharmaceutical products to the U.S. market.

31. On information and belief, Solco and/or its subsidiaries, affiliates or agents, intend to engage in the distribution of Prinston's ANDA Product before the expiration of the '838 and '552 patents throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

32. On information and belief, Solco and/or its subsidiaries, affiliates or agents, intend to place Prinston's ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this Judicial District.

33. On information and belief, Solco regularly conducts and/or solicits business in the State of New Jersey, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of New Jersey.

34. On information and belief, Solco maintains physical office space at 2002

Eastpark Boulevard, Cranbury, New Jersey 08512, and has employees at its Cranbury office.

35.     On information and belief, Solco has previously been sued and consented to personal jurisdiction in this Judicial District, and has availed itself of New Jersey courts by asserting counterclaims in suits brought in New Jersey, including in *Sebela International Limited v. Prinston Pharmaceutical Inc., et al.*, Civil Action Nos. 14-7400 (D.N.J.) and 15-5308 (D.N.J.) (consolidated under the lead case *In re Sebela Patent Litigation*, Civil Action No. 14-6414 (D.N.J.)).

36.     This Court has jurisdiction over Defendant Zhejiang. On information and belief, Zhejiang is the parent corporation of Prinston, Huahai, and Solco.

37.     Upon information and belief, Zhejiang is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic products. Upon information and belief, Zhejiang, directly or through its wholly-owned subsidiaries, manufactures, imports, markets, and/or sells generic drugs throughout the United States, including in this Judicial District.

38.     Upon information and belief Zhejiang develops pharmaceutical formulations, active pharmaceutical ingredients, and intermediates for international markets, including New Jersey.

39.     On information and belief, Defendant Huahai holds itself out as the most important subsidiary component of Zhejiang, and as being engaged in marketing and sales for the North American market to support Zhejiang.

40.     Alternatively, even if the above facts do not establish personal jurisdiction over Zhejiang, this Court may exercise jurisdiction over Zhejiang pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Zhejiang is a foreign

defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zhejiang has sufficient contacts with the United States as a whole, including but not limited to preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Zhejiang comports with due process.

41. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

**A. The '838 Patent**

42. The United States Patent and Trademark Office duly and legally issued the '838 patent, entitled "Compositions Comprising Nebivolol," on September 28, 2010. A true and correct copy of the '838 patent is attached as Exhibit A.

43. The '838 patent claims, *inter alia*, compositions comprising nebivolol and an angiotensin II receptor antagonist.

44. The FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") lists the expiration date of the '838 patent as August 29, 2026.

45. Plaintiff Forest Laboratories Holdings, Ltd. is the record owner and assignee of the '838 patent.

**B. The '552 Patent**

46. The United States Patent and Trademark Office duly and legally issued the '552 patent, entitled "Compositions Comprising Nebivolol," on November 23, 2010. A true and correct copy of the '552 patent is attached as Exhibit B.

47. The '552 patent claims, *inter alia*, methods of treating hypertension comprising administering a composition comprising nebivolol and an angiotensin II receptor antagonist to a subject in need thereof.

48.    The Orange Book lists the expiration date of the '552 patent as October 4, 2027.

49.    Plaintiff Forest Laboratories Holdings, Ltd. is the record owner and assignee of the '552 patent.

**C.    Byvalson®**

50.    Plaintiff Forest Laboratories, LLC holds approved New Drug Application ("NDA") No. 206302 for Byvalson® (nebivolol/valsartan) 5 mg/80 mg tablets.  The FDA approved NDA No. 206302 on June 3, 2016.

51.    Byvalson® tablets contain 5 mg nebivolol and 80 mg valsartan as the active ingredients.

52.    Byvalson® tablets are indicated for the treatment of hypertension, to lower blood pressure.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

53.    On information and belief, on or before August 4, 2017, Prinston submitted ANDA No. 210596 to the FDA under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic nebivolol hydrochloride/valsartan tablets, EQ 5 mg base/80 mg ("Prinston's ANDA Product").

54.    Prinston sent Plaintiffs a letter dated August 4, 2017 purporting to be a "Notification of Certification of Invalidity, Unenforceability and/or Non-infringement for U.S. Patent Nos. 7,803,838 and 7,838,552 Pursuant to Section 505(j)(2)(B)(iv) of the Federal Food, Drug and Cosmetic Act" ("Notice Letter").  The Notice Letter is signed by an attorney for Prinston.

55.    In the Notice Letter, Prinston purported to notify Plaintiffs that it had submitted ANDA No. 210596 to the FDA, seeking approval to engage in the commercial manufacture,

9

use, sale, and/or importation of Prinston's ANDA Product before the expiration of the '838 patent and the '552 patent. The Notice Letter also purported to notify Plaintiffs that Prinston's ANDA included a certification under 21 U.S.C. § 355(j)(2)(B)(iv) and that, in Prinston's opinion, the claims of the '838 patent and the '552 patent are invalid, unenforceable, and/or not infringed (a "Paragraph IV Certification").

56.    On information and belief, Defendants Zhejiang, Huahai, and Solco cooperated in, actively participated in, and/or directed activities related to the submission of ANDA No. 210596 and the development of Prinston's ANDA Product. On information and belief, Defendants Zhejiang, Huahai, and Solco were actively involved in preparing Prinston's ANDA, and/or intend to directly benefit from and have a financial stake in the approval of the Prinston's ANDA. On information and belief, if Prinston's ANDA is approved, Defendants Zhejiang, Huahai, and Solco will be involved in the manufacture, distribution, and/or marketing of Prinston's ANDA Product.

57.    On information and belief, Defendants are agents of each other with respect to the development, regulatory approval, marketing, sale and/or distribution of generic drug products. On information and belief, the acts of Prinston complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of Huahai, Solco, and Zhejiang.

58.    On information and belief, Defendants share at least one common office location, and act in concert and/or operate as a unitary entity for the purposes of manufacturing, marketing, selling, and/or distributing generic pharmaceutical products.

59.    On information and belief, if Prinston's ANDA receives final FDA Approval, Defendants intend to engage in the commercial manufacture, use, offer for sale, sale, and/or

importation into the United States of Prinston's ANDA Product.

60.     The submission of ANDA No. 210596 to the FDA constituted an act of infringement by Defendants of the '838 and '552 patents under 35 U.S.C. § 271(e)(2).

61.     Plaintiffs are commencing this action within 45 days of receiving the Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

### COUNT I: DIRECT INFRINGEMENT OF THE '838 PATENT

62.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 61 and 66-87 as though fully restated herein.

63.     Pursuant to 35 U.S.C. § 271(e)(2), the submission of ANDA No. 210596 to the FDA seeking approval of Prinston's ANDA Product was an act of infringement by Defendants of at least claims 1, 4-5, 8-9, and 12 of the '838 patent, which claim, *inter alia*, compositions comprising nebivolol and valsartan that are contained in the ANDA Product.

64.     Prinston's ANDA Product and the use thereof would infringe the '838 patent under 35 U.S.C. § 271(a), including at least claims 1, 4-5, 8-9, and 12, which cover, *inter alia*, compositions comprising nebivolol and valsartan.

65.     Unless Defendants are enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Defendants' infringement of the '838 patent.  Plaintiffs do not have an adequate remedy at law.

### COUNT II: DIRECT INFRINGEMENT OF THE '552 PATENT

66.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 65 and 69-87 as though fully restated herein.

67.     Pursuant to 35 U.S.C. § 271(e)(2), the submission of ANDA No. 210596 to the FDA seeking approval of Prinston's ANDA Product was an act of infringement by Defendants of

11

at least claims 1-2, 4, 7, 9, and 11 of the '552 patent which cover methods of treating hypertension by administering a composition comprising nebivolol and valsartan, the use for which Defendants seek FDA approval in its ANDA.

68.     Unless Defendants are enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Defendants' infringement of the '552 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT IV: INDUCEMENT TO INFRINGE THE '552 PATENT

69.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 68 and 80-87 as though fully restated herein.

70.     Defendants have actual knowledge of the '552 patent.

71.     If Prinston's ANDA Product is approved by the FDA and is sold by Defendants, its use by healthcare providers and/or patients will directly infringe one or more claims of the '552 patent, including at least claims 1-2, 4, 7, 9, and 11.

72.     On information and belief, the proposed labeling and package insert for Prinston's ANDA Product will be substantively identical to the labeling and package insert for Byvalson® Tablets.

73.     On information and belief, the proposed labeling and package insert for Prinston's ANDA Product explicitly instructs healthcare providers and/or patients to use the ANDA Product in a manner that will directly infringe one or more claims of the '552 patent, including at least claims 1-2, 4, 7, 9, and 11.

74.     Any use of Prinston's ANDA Product by patients will be performed at the direction and under the control of healthcare providers treating hypertension, who in turn are instructed by Defendants via the proposed labeling and package insert for Prinston's ANDA

12

Product.

75.     If Prinston's ANDA Product is approved by the FDA, Defendants will actively induce others including, for example, healthcare providers and/or patients, to directly infringe one or more claims of the '552 patent, including at least claims 1-2, 4, 7, 9, and 11.

76.     Defendants have acted with knowledge that the induced acts would constitute infringement of the '552 patent.

77.     Defendants specifically intend to cause direct infringement by others, e.g., healthcare providers and/or patients.

78.     If and when the FDA approves ANDA No. 210596, Defendants will take affirmative steps to induce infringement by, among other things, instructing healthcare providers and/or patients, through the proposed labeling and package insert for Prinston's ANDA Product to use Prinston's ANDA Product in a manner that directly infringes one or more claims of the '552 patent, including at least claims 1-2, 4, 7, 9, and 11.  Thus, Defendants will aid, abet, urge, and/or encourage others including, e.g., healthcare providers and/or patients, to directly infringe one or more claims of the '552 patent, and Defendants will affirmatively and specifically intend to cause direct infringement.

79.     Defendants' actions will constitute inducement of infringement of the '552 patent pursuant to 35 U.S.C § 271(b).

### COUNT V: CONTRIBUTORY INFRINGEMENT OF THE '552 PATENT

80.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 79 above as though fully restated herein.

81.     If ANDA No. 210596 is approved by the FDA, Defendants intend to and will offer to sell, sell, and/or import Prinston's ANDA Product.

13

82.     On information and belief, the proposed labeling and package insert for Prinston's ANDA Product will be substantively identical to the labeling and package insert for Byvalson® Tablets.

83.     On information and belief, Prinston's ANDA Product will only be indicated for the treatment of hypertension, to lower blood pressure.

84.     Prinston's ANDA Product constitutes a material part of the inventions covered by the claims of the '552 patent and has no substantial non-infringing uses.

85.     On information and belief, Defendants have had and continue to have knowledge that Prinston's ANDA Product is especially adapted for a use that infringes the '552 patent, including at least claims 1-2, 4, 7, 9, and 11.

86.     On information and belief, Defendants have had and continue to have knowledge that there are no substantial non-infringing uses for Prinston's ANDA Product.

87.     Defendants' actions will constitute contributory infringement of the '552 patent pursuant to 35 U.S.C § 271(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Forest Laboratories, LLC and Forest Laboratories Holdings, Ltd. pray for a judgment in their favor and against Defendants, and respectfully request the following relief:

A.     A judgment that, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed one or more claims of each of the '838 and '552 patents by the filing of ANDA No. 210596 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Prinston's ANDA Product before the expiration of those patents;

B.      A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Prinston's ANDA Product will infringe the '838 and '552 patents;

C.      A judgment declaring that the '838 and '552 patents remain valid and enforceable;

D.      A permanent injunction restraining and enjoining Defendants and its officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Prinston's ANDA Product, as claimed in the '838 and '552 patents, until the expiration of each of the '838 and '552 patents, or any later date of exclusivity to which Plaintiffs are or become entitled;

E.      An order that the effective date of any approval of ANDA No. 210596 be a date that is not earlier than the expiration of the right of exclusivity under any of the '838 and '552 patents, or any later date of exclusivity to which Plaintiffs are or become entitled;

F.      To the extent that Defendants have committed any acts with respect to the subject matter claimed in the '838 and/or '552 patents, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), an award of damages for such acts;

G.      A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of attorney fees;

H.      An award of Plaintiffs' costs and expenses in this action; and

I.      Such other and further relief as the Court may deem just and proper.

Dated: September 18, 2017

OF COUNSEL:

Dominick A. Conde
Ha Kung Wong
James Tyminski
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY  10104-3800
(212) 218-2100

*s/ Liza M. Walsh*

Liza M. Walsh
Christine I. Gannon
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard
Suite 600
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs Forest Laboratories,*
*LLC and Forest Laboratories Holdings, Ltd.*

16

**RULE 11.2 CERTIFICATION**

We hereby certify that, to the best of our knowledge, the matter in controversy is not the

subject of any action pending in any court or of any arbitration or administrative proceeding.


Dated: September 18, 2017

OF COUNSEL:

Dominick A. Conde
Ha Kung Wong
James Tyminski
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

*s/ Liza M. Walsh*
Liza M. Walsh
Christine I. Gannon
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard
Suite 600
Newark, NJ 07102
(973) 757-1100


*Attorneys for Plaintiffs Forest Laboratories,*
*LLC and Forest Laboratories Holdings, Ltd.*

**RULE 201.1 CERTIFICATION**

We hereby certify that the above-captioned matter is not subject to compulsory

arbitration in that the Plaintiffs seek, *inter alia*, injunctive relief.

Dated: September 18, 2017

_s/ Liza M. Walsh_

Liza M. Walsh
Christine I. Gannon

OF COUNSEL:                          Katelyn O'Reilly
                                     WALSH PIZZI O'REILLY FALANGA LLP
Dominick A. Conde                    One Riverfront Plaza
Ha Kung Wong                         1037 Raymond Boulevard
James Tyminski                       Suite 600
FITZPATRICK, CELLA, HARPER & SCINTO  Newark, NJ 07102
1290 Avenue of the Americas          (973) 757-1100
New York, NY  10104-3800
(212) 218-2100

*Attorneys for Plaintiffs Forest Laboratories,*
*LLC and Forest Laboratories Holdings, Ltd.*